EDOK - Application for Search Warrant (Revised 5/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of the premises located at 25285 E. State Highway 31, Quinton, OK 74561 | Case No. 21-MJ-354-DDB |

## APPLICATION FOR SEARCH WARRANT

I, Lucas Kreck, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

### SEE ATTACHMENT "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 18, United States Code, Section(s) 922(a)(1)(A), and the application is based on these facts:

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Lucas Keck*
LUCAS KECK
SPECIAL AGENT, ATF

Sworn to before me and signed in my presence.

Date: 8/31/2021

*Don D. Bush*
*Judge's signature*

City and state: Muskogee, Oklahoma

UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Lucas Keck, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure authorizing a search of 25285 E. State Highway 31, Quinton, OK 74561, which is believed to contain evidence of violations of 18 U.S.C. § 922(a)(1)(A): it shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce; 18 U.S.C. § 922(a)(6): for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter;18 U.S.C. § 924(n): a person who, with the intent to engage in conduct that constitutes a violation of section 922(a)(1)(A), travels from any State or foreign country into any other State and acquires, or attempts to acquire, a firearm in such other State in furtherance of such purpose shall be imprisoned for not more than 10 years; Title 26 U.S.C. § 5861(a) to engage in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax required by section 5801 for his business or having registered as required by section 5802; Title 26 U.S.C. § 5861(c)to receive or possess a firearm made in violation of the provisions of this chapter; Title 26 U.S.C. § 5861(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; Title 26 U.S.C. §

5861(e) to transfer a firearm in violation of the provisions of this chapter; Title 26 U.S.C. § 5861(f) to make a firearm in violation of the provisions of this chapter; Title 26 U.S.C. § 5861(i) to receive or possess a firearm which is not identified by a serial number as required by this chapter. For purposes of Title 26 and Title 18, a "firearm silencer" and "firearm muffler" mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.  Attachment A further describes the property to be searched, and Attachment B the evidence sought in pursuit of this Warrant.

2. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I am currently assigned to the ATF Tulsa Field Office in the Northern Judicial District of Oklahoma, currently assigned to duties in the Northern District of Oklahoma and the Eastern District of Oklahoma.  I am an investigative officer, or law enforcement officer, of the United States of America within the meaning of Title 18, United States Code, Section 2510(7), that is an officer of the United States who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. I have been employed by ATF since 2015, and prior to my employment with ATF I was a Special Agent with the United States Secret Service (USSS) from 2009 through 2015.

3. During my employment with the USSS, I conducted and participated in investigations for counterfeit currency, to include: purchasing counterfeit currency with confidential informants and undercover agents, identity theft investigations, credit card fraud, and bank fraud in both state and federal courts in the Southern District of Texas.  During my employment with ATF and with the USSS, I have assisted other agencies and law enforcement,

including the Drug Enforcement Administration (DEA), with investigations regarding firearms and narcotics.

4. Based on my knowledge, training and experience I know a firearms dealer is defined under Title 18, United States Code, Section 921(11), the term "dealer" means (A) any person engaged in the business of selling firearms at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. The term "licensed dealer" means any dealer who is licensed under the provisions of this chapter. A licensed dealer is required to obtain a Federal Firearms License (FFL) issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Federal law requires that when a purchaser buys or transfers a firearm from a FFL, the buyer must fill out an ATF Firearms Transaction Record, also referred to as ATF Form 4473. This form requires the buyer's true name, current residential address, and other identifying information. The information on the ATF Form 4473 makes it possible for the ATF to trace the firearm back to the retail purchaser. FFLs are required by Title 18, United States Code, Chapter 44 to maintain these forms in their records. Furthermore, the ATF Form 4473 asks certain questions of the buyer. For example, the first question that a buyer or transferor must answer asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s)? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you." This type of transaction, buying a firearm on behalf of another person, is commonly referred to as a "straw purchase."

5. I know based on my training and experience that persons who devote significant time to purchasing and selling firearms, that acquire multiple firearms of the same model and

caliber, and advertise their firearms for sale as a private collection are often engaged in the business of selling firearms without a Federal Firearms License (FFL).  I know that persons who purchase multiple firearms of the same caliber, make, and model are making false statements to FFL's when they purchase firearms by claiming that the firearms are purchased for themselves, while they intend to resell the firearms for profit.  I know that persons who are dealing without a license will purchase firearms from FFL's and mark the price of the firearm up when the firearm is marketed from a private collection with no background check required.  I know that persons who do not have a FFL will travel significant distances to acquire firearms in an effort to disguise their activity while acquiring quantities of similar firearms they intend to resell

6. This affidavit contains only the information I believe is necessary to support probable cause for this application. I have not included every fact or matter observed by me or known by other law enforcement officers. This information is based on my personal knowledge and observations during this investigation, information conveyed to me by other law enforcement officers, and my review of records, documents, and other physical evidence obtained during this investigation.

7. I submit there is probable cause to believe that 25285 E. Highway 31, Quinton, OK 74561 contains evidence of the aforementioned federal violations, as set forth in Attachment B.

PROBABLE CAUSE

8. **Criminal Actor**: The individual who is believed to have engaged in criminal activity relevant to the requested search warrant is Eugene Lee DOZIER Sr (DOZIER).

9. **Jurisdiction**: The facts and circumstances alleged in this Affidavit occurred within the Eastern District of Oklahoma, and the property to be searched is located in the Eastern District of Oklahoma.

10. SA Keck opened a case in June 2021 after receiving information DOZIER was manufacturing firearms suppressors, a common name for "firearm silencer" or "firearm muffler", and possibly machineguns without a Federal Firearms License. SA Keck had queried ATF databases that list current and former FFL's for DOZIER and his company, Military Custom Suppressors (MCS), and were unable to locate a current or former FFL. SA Keck was provided with a copy of a business card from DOZIER, listing his company information, address, that the company would custom build suppressors, and a discount for law enforcement and military. SA Keck learned from Homeland Security Investigations (HSI) that DOZIER was receiving shipments of solvent traps from overseas. SA Keck knows that solvent traps are items that are easily converted into firearm suppressors.

11. On June 30, 2021, SA Keck conducted surveillance of 25281 E. State Highway 31, Quinton, OK. SA Keck noted the property is rural, and the entrance had a mailbox clearly marked with DOZIER and the physical address. SA Keck was able to observe what appeared to be a trailer or storage containers on the property.

12. On August 15, 2021, SA Keck observed DOZIER in Sulphur, OK at a flea market known as "The Dog Trade". SA Keck recognized DOZIER based on photographs, and SA Keck noted that DOZIER had multiple signs displayed at the tables he had set up, and that his vehicle had signs attached for his LLC, Military Custom Suppressors (MCS). SA Keck approached DOZIER without identifying himself as an ATF SA to discuss firearms. SA Keck observed approximately eight firearms displayed on DOZIER's tables. SA Keck was told that the firearms on DOZIER's tables were his personal firearms and that a background check was not required. DOZIER said that he had other firearms that would require a background check as a part of his firearms license. SA Keck asked about suppressors, and DOZIER stated he could build

suppressors but was out of metal stock used to manufacture suppressors. DOZIER described multiple types of metal and calibers that could be made, and SA Keck specifically asked about an aluminum suppressor for a Ruger 10/22 rifle.

13. DOZIER said that suppressor was a $99.00 special and could be bought and registered on an ATF Form 1 or Form 4. DOZIER explained that with an ATF Form 1, he would provide the complete suppressor and paperwork for SA Keck to submit to ATF to register the suppressor. SA Keck clarified that the suppressor DOZIER would provide was complete, and not a suppressor that needed to be finished by SA Keck. DOZIER confirmed he would provide SA Keck with a complete suppressor. SA Keck asked this because SA Keck knows a suppressor registered on a Form 1 had to be completed by the person registering the suppressor.

14. DOZIER told SA Keck that a suppressor on an ATF Form 4 would be kept by DOZIER until the Form 4 was approved before he could transfer the suppressor to SA Keck. DOZIER said that a Form 1 would take 3-6 months to get approved, and a Form 4 would take 9 months or more to approve.

15. DOZIER also said that many of his prepper buddies would buy suppressors from DOZIER on a Form 1, but would never complete the paperwork and would keep the suppressor in their gun safes. DOZIER said that this is a grey area, and that as long as the suppressor stayed on their property and wasn't taken into town, it was not required to be registered. DOZIER also said that Texas and Arkansas had passed state laws that claimed suppressors manufactured in their states did not have to be registered, and that he hoped Oklahoma would pass the same type law soon.

16. On August 17, 2021, an ATF Task Force Officer acting in an undercover capacity (UC TFO), placed a recorded telephone call to DOZIER. During the call, DOZIER said he was

out of stock for suppressors. DOZIER said that UC TFO could come to the gun show in Muskogee this weekend to fill out an order form for a suppressor. DOZIER said he would be at the gun show at a booth for vendors. DOZIER said there was a waiting list of 4-6 people ahead of UC TFO. DOZIER told the UC TFO that he also had firearms and ammunition for sale, and that he kept firearms in a tractor trailer on property near Quinton, OK.

17. On August 18, 2021, SA Samuel Suyehira obtained information from the National Firearms Registry and Transfer Record (NFRTR) that showed DOZIER had one firearm suppressor registered to him. The registration was completed in January 2018.

18. SA Suyehira also queried DOZIER through ATF's eTrace system, a system which helps trace certain firearms from manufactures to purchasers. SA Suyehira noted that DOZIER had purchased 51 handguns between June 2021 and August 2021. These pistols were recorded on a multiple sale form, which FFL's are required to submit when a person purchases two or more handguns either at the same time or in a short period of time. These purchases occurred at dealers in Wagoner, OK and McAlester, OK, as well as FFL's in Arkansas. SA Keck knows that multiple sales forms only capture handguns purchased in a short period of time from the same FFL, and may not track other firearms such as rifles or shotguns purchased at different times, or even single purchases of handguns not within a short period of time.

19. Through queries, SA Keck learned that DOZIER has an active Oklahoma driver's license and an active Arkansas driver's license.

20. On August 19, 2021, aerial surveillance was conducted for ATF. Photographs were obtained of DOZIER's property at 25285 E. State Highway 31, Quinton, OK. SA Keck could identify two semi-truck style trailers, one marked Big V Foods, on the property. To the south of the semi trailers, SA Keck observed a travel trailer that appears to be living quarters. This travel

trailer is within 15 to 20 feet of the tractor trailers and is not visible from the road. Other buildings were also observed near the travel and semi trailers. A vehicle was parked near the travel trailer, and based on the signs on the side of the vehicle, SA Keck believes this is the same vehicle SA Keck observed at The Dog Trade in Sulphur, OK with DOZIER.

21. On August 21, 2021, ATF conducted undercover purchases from DOZIER at a gun show in Muskogee, OK with two separate ATF UC's.

22. An ATF UC approached DOZIER and told DOZIER the UC was from California and wanted to purchase a firearm. The UC said he was from California on multiple occasions to DOZIER, and was told that DOZIER doesn't do background checks and didn't need to see any identification to make a sale. DOZIER also told the UC that he had family in California and was well aware of California firearms laws. The ATF UC purchased a pistol with a high capacity magazine from DOZIER, as well as ammunition. The firearm with the high capacity magazine is a restricted item in California. The UC was told that DOZIER would accept payment through electronic applications such as Paypal, Venmo, CashAp, and possibly others.

23. A second ATF UC approached DOZIER and discussed firearms suppressors. DOZIER recommended a type of material, caliber, and a monocore baffle. A monocore baffle is a specific type of baffles for the suppressor. DOZIER discussed ATF Forms to register a suppressor with ATF, and told the UC that he had been stopped by law enforcement before with a suppressor attached to a firearm. DOZIER said that he had to show the deputy or officer his ATF paperwork to keep from being arrested. The ATF UC purchased a Taurus pistol and ammunition, and was provided a copy of a receipt from DOZIER showing the firearm purchase and the order to be placed for a specific style of suppressor. A background check was not conducted by DOZIER.

8

24. After the UC purchases, SA Keck examined the purchased firearms. Both firearms are Taurus, Model G2C's, 9mm Luger caliber, semi-automatic firearms. Both firearms were priced at $399.99. Through online research, SA Keck knows that Taurus G2C pistols are on sale in August 2021 for $239.99, and available from other retailers for less than $300.00. DOZIER's markup is consistent with persons who sell firearms to persons who either do not want to or cannot complete and pass background checks to purchase a firearm. In addition to the purchased firearms, DOZIER had AR-15 style rifles and pistols on his table for sale. DOZIER discussed different calibers, to include .300 Winchester Magnum and .300 Blackout calibers, with UC's.

25. SA Keck knows from investigative experience that persons will often use a shop area, such as the tractor trailers on DOZIER's property, as well as living quarters, such as the travel trailer on DOZIER's property, to conduct business related tasks. Persons will often utilize laptop or desktop computers, cellular telephones, tablets, iPads, and other electronic devises in one or both locations to order supplies, such as materials for suppressors, review sales prices for firearms, track financial data from purchases and sales, and monitor emails. Persons will often use both cellular telephones and computers for business, with computers being more convenient to store and track files. Business activities will often be co-mingled between multiple buildings and files can be kept in both work areas and personal living areas. SA Keck knows that DOZIER must have records or notes similar to the receipt provided to the ATF UC on August 21, 2021, that is either maintained in his shop or residence that allows him to track and source both firearms and suppressor components.

## CONCLUSION

26. Based upon my training and experience, and the facts set forth herein, I believe there is probable cause that Eugene Lee DOZIER Sr has violated Title 18, U.S.C. § 922(a)(1)(A),

dealing firearms without a license; Title 18 U.S.C. § 922(a)(6), providing false statements to an FFL; Title 18 U.S.C. § 924(n), travels to another state to acquire firearms to further a violation of Title 18 U.S.C. Section 922(a)(1)(A); Title 26 U.S.C. § 5861(a) engaging in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax required by section 5801 for his business or having registered as required by section 5802; Title 26 U.S.C. § 5861(c) receiving or possessing a firearm made in violation of the provisions of the National Firearms Act; Title 26 U.S.C. § 5861(d) receiving or possessing a firearm which is not registered to him in the National Firearms Registration and Transfer Record; Title 26 U.S.C. § 5861(e) transfer of a firearm in violation of the provisions of the National Firearms Act; Title 26 U.S.C. § 5861(f) making a firearm in violation of the provisions of the National Firearms Act; Title 26 U.S.C. § 5861(i) receiving or possessing a firearm which is not identified by a serial number as required by the National Firearms Act. Therefore, I believe I will find the items listed in ATTACHMENT B at 25285 E. State Highway 31, Quinton, OK 74561, listed in ATTACHMENT A. I believe I will find the items listed in ATTACHMENT B on the property listed in ATTACHMENT A because of my training and experience dealing with cases involving federal firearms violations as listed in this affidavit.

*Lucas Keck*
Lucas Keck, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed before me this 31 day of August, 2021.

*Don D Bush*

United States Magistrate Judge

10

## ATTACHMENT A
### DESCRIPTION OF PREMISES TO BE SEARCHED

The property to be searched is 25285 E. State Highway 31, Quinton, OK 74561. The property is further described as approximately 58 acre rural property with storage, equipment, and wooded areas. There is a mail box at the entrance on the south side of State Highway 31 that is black and marked with 25285 and DOZIER. This search will include any appurtenances to the real property, any motor vehicles, equipment trailers, trailers, tractor trailers, outbuildings, structures, or locations within the fenced boundaries of the property.









# ATTACHMENT B

# DESCRIPTION OF ITEMS TO BE SEARCHED FOR AND SEIZED

1. Firearms and ammunition as described under Title 18 or Title 26, United States Code;

2. Equipment used to manufacture firearms as described under Title 18 or Title 26;

3. Solvent traps, metal, or components consistent with the manufacture of firearms defined in the National Firearms Act.

4. Notes, ledgers, bound books, files, electronic files, or other media that can be used to record sales of firearms, ammunition, suppressors, or their components, to persons;

5. Receipts, records, files associated with the purchase of firearms, ammunition, or materials to manufacture firearms and ammunition;

6. Receipts, records, files associated with the purchase of firearms, ammunition to determine where DOZIER has sold firearms and ammunition;

7. Firearms boxes and accessories consistent with purchased firearms;

8. Records to establish the persons who have control, possession, custody or dominion over property searched and from which evidence is seized, to include but not limited to: medical prescription bottles, medical prescription labels, personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, financial documents, keys, photographs, leases, mortgage bills and telephone answering machine introductions and messages, and all records related to pagers and telephones;

9. Computers, cellular telephones, tablets, iPads, or other electronic media that can be used to store information related to the purchase and sale of firearms, ammunition, or materials used in the manufacture or modification of firearms;

10. Records to establish online sales forms, such as Paypal, Zelle, Venmo, and any other online purchase system, credit card systems or readers, documents listing credit card accounts, and any records associated with bank accounts or payment accounts linked to DOZIER;

11. Receipts, records, files associated with the purchase of suppressors or suppressor

components, to include solvent traps;